## Case No. 6,327.

### HEINRICH v. LUTHER.

[6 McLean, 345.][1]

Circuit Court, Ohio.[2]  April Term, 1855.

#### PATENTS—INFRINGEMENT—TAILORS' SHEARS.

1. A patent is prima facie evidence of the right of the patentee.

2. Where the patentee claims three distinct improvements, he must show himself entitled to each, to sustain an action.

3. Since shears were invented, some contrivance has been used to stop the handles, so as not to strain the joints of the cutting knives. This has been done by the enlargement of the handles so as to come in contact at the proper point. Several witnesses proved that a screw was used for this purpose, others have known wires to be used.

4. The invention consists, not in avoiding the pressure of the joint of the shears, but in accomplishing that result by a new means. The beak which performs this office in the plaintiff's shears, was cast in the handles of the shears, and is as permanent as any other part of the handle. There is no special claim in writing that the beak should be so made, but the drawing shows how it was a part of the upper handle, and the drawing is a part of the specifications.

[This was an action by Rochus Heinrich against John Luther for the alleged infringement of letters patent No. 1,092, granted to the plaintiff, February 27, 1839.]

Stanberry & Parker, for plaintiff.

Andrews & Swayne, for defendant.

THE COURT (charging jury). This action is brought against the defendant for infringing the plaintiff's patent. It was issued to secure to the plaintiff an improvement in tailors' shears. The patent bears date the 27th of February, 1839. The invention claimed, is: (1) The projection at the point of beak e, on the upper bow, as described. (2) The addition of the convex protuberance of, or swelling of f and g, on the right side of the upper and lower bows, so as to fill the palm of the hand in using the shears. The third is the concave lip h, on the left side of the upper bow, for the thumb to rest upon as described.

To entitle the plaintiff to recover, these three inventions as claimed, must be found to have been invented by him as claimed. Before the patent is granted, the invention claimed is examined by one or more examiners skilled in the arts, and compared with the patents which have been issued in this and other countries; and if the invention is found to be new and useful, and the applicant swears that he is the first and original inventor, the patent is granted. And this gives to the patentee a prima facie right.

In this case the patent has been issued for the improvements above specified, so that if

———

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [District not given.]

the plaintiff shall fail to establish his right to either of the things specified, he will not be entitled to your verdict. That the improvement in the shears is useful, is abundantly shown. One evidence of this, as stated by several of the witnesses, is, that wherever the improved shears have been known, they have been generally used. It is proved that the defendant, before the commencement of this action, manufactured and sold shears similar to those described in the plaintiff's patent. On a comparison, several witnesses say the shears made by the defendant are the same in principle as the plaintiff's. The improvements, it is alleged, as specified, enable a person to hold the shears with a firmer grasp, by bringing the entire muscles of the hand and thumb in contact with the handles, and to use them with more power and greater ease than the ordinary shears. And that the beak e, which projects from the lower part of the upper handle, checks the action of the handles at the proper point, so as to avoid a strain at the joint of the shears. An objection is made that the plaintiff abandoned his right to the public, by permitting his invention to go into public use. But unless this use exceeded two years, before he applied for his patent, there is no abandonment. A former patent, it seems, had been obtained by the plaintiff, embracing some of the improvements made to the handles of the shears, but these are not claimed in the present patent.

The principal controversy arises on the novelty of beak e, as appears on the drawing. From the first formation of shears, there has been some contrivance to prevent the strain on the joint of the cutting knives. This was generally effected by enlarging the upper and lower handles, so as to come together at the proper point. But this required an additional weight in large shears used by tailors, by an increase in the size of the iron handles, so as to make the use of them unwieldy and tiresome to the hand. Several of the witnesses speak of shears, some one or more years before the date of the plaintiff's patent, on which a screw was used to keep the handles apart, answering the same purpose as the beak. Other witnesses say they have known wires to be used for the same thing. But the plaintiff contends the proof shows that the screw and wires were abandoned as useless, before the plaintiff's beak was invented.

Now the invention does not consist in a resting point for handles, so as to avoid a strain upon the joint of the shears, for that was always guarded against by the enlargement or shape of the handle, or by some other mode. Neither the screw nor the beak, in this respect, produces a new result. But the invention consists in the beak, by which an old result is produced by new means. A knob of porcelain on a door is common. As porcelain was well known before it was so applied, and as knobs were common of other materials, the use of porcelain for this purpose gave no right to a patent. But if a new and useful mode of fastening the knob on the spindle was invented, that is a sufficient invention for a patent. And so in regard to the beak claimed by the plaintiff. If it be more substantial than the screw, being cheaper and fastened to the handle of the shears in a new mode, different from the screw or the wire formerly used, it is an invention for which a patent may issue. The beak, you will observe, gentlemen, is cast with the handle of the shears, so that it is a part of the handle, and as durable as any other part of it. It is true that in the written specifications the beak is not claimed to be cast with the handle, but there is a reference to the drawing which shows how the beak is made, and the drawings are a part of the specifications. It is replied that the drawings would be the same if the beak were soldered on the handle. The model which the plaintiff was required to file in the patent office, when he applied for his patent, showed, as the shears used in evidence show, that the beak was cast. And it is considered that the drawing shows, with reasonable certainty, that the beak was a part of the handles of the shears, as permanently fixed as the thumb piece or the handles. As an evidence that neither the screw nor the wire was of any value is shown, it is contended, by the abandonment of both. What, then, was there in the screw which the plaintiff copied? There is nothing new in preventing the strain of the joint, and if the old mode of producing this result by a wire or a screw should be used, it would be no infringement of the plaintiff's patent; nor would there be an infringement if the handles were so enlarged, as formerly, to produce this result. The invention consists in the beak, which is made a part of the handle of the shears. In this the principle of the invention consists, and in nothing else. The parties have agreed that if the patent of the plaintiff should be sustained, the jury should find in damages a verdict for five hundred dollars.

The jury returned a verdict for that sum.